UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN GARCIA ROSALES,<br><br>Petitioner,<br><br>v.<br><br>N. DAWSON, Warden,<br><br>Respondent. | NO. SACV 08-174-DSF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Final Report and Recommendation ("R&R"), Petitioner's Objections filed on November 24, 2008 ("Objections"), and all records in the file. Having made a *de novo* determination, the Court agrees with the recommendation of the Magistrate Judge.

In the Objections, Petitioner improperly makes two new arguments in support of equitable tolling. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977

F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), *cert. denied*, 514 U.S. 1026 (1995).

The Petition remains barred by the statute of limitations even after considering Petitioner's new arguments. First, Petitioner states he arrived at Ironwood State Prison in June of 2004 and was assigned to "close custody status." He remained in that status until December 2, 2005. (Objections, Memo. at 10 & Ex. B.) While on close custody status, "his program is limited." (*Id.*) Second, Petitioner also states that the "prison was in often (sic) lock-down that made the access to the prison law library more difficult." (*Id.*)

Absent tolling, the statute of limitations expired on November 8, 2006. (R&R at 4.) Even assuming without deciding that Petitioner's close custody status prevented him from filing a federal habeas petition, that status ended on December 2, 2005, approximately 11 months before the filing deadline. Petitioner has not shown that close custody status caused him to file an untimely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner now appears to argue he discovered that the introduction of transcripts at his trial was prejudicial "[a]round December 2005."[1] (Objections, Memo. at 10.) However, even assuming that the one-year statute of limitations began to run on December 31, 2005, the Petition was signed on February 8, 2008, more than two years later.

Petitioner does not claim that the alleged prison lockdowns prevented access to the law library, but only that lockdowns made access "more difficult." (Objections, Memo. at 10.) Moreover, Petitioner does not state when the

---

[1] The transcripts appear to form the basis for Grounds One, Two and possibly Three of the Petition.

1  lockdowns occurred and does not claim that he requested access to the law
2  library but was denied.  *See Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (a
3  petitioner must "alleg[e] what [he] did to pursue [his] claims and complain about
4  [his] situation[], and alleg[e] that [he] did so before AEDPA's statute of limitations
5  expired"), *cert. denied*, 127 S. Ct. 1880 (2007).  Petitioner has not met his burden
6  of establishing that lockdowns prevented him from filing a timely federal habeas
7  petition.  *Pace*, 544 U.S. at 418.
8        IT IS ORDERED that the Magistrate Judge's Final Report and
9  Recommendation is adopted.
10       IT IS FURTHER ORDERED that Judgment be entered denying the Petition
11 and dismissing this action with prejudice.

13 DATED:  12/12/08

                                                DALE S. FISCHER
                                      United States District Judge